IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ESTATE OF GABRIEL MIRANDA, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 7:18-cv-0348** |
| | § | |
| **HARLINGEN CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **ARTURO J. CAVAZOS,** | § | |
| **EDINBURG POLICE DEPARTMENT,** | § | |
| **DAVID EDWARD WHITE,** | § | |
| **THE CITY OF EDINBURGE, TEXAS,** | § | |
| **RICHARD H. GARCIA,** | § | |
| **RICHARDD M. HINOJOSA,** | § | |
| **THE COUNTY OF HIDALGO,** | § | |
| **RAMON GARCIA,** | § | |
| **NORMA JEAN FARLEY, and** | § | |
| **VALLEY FORENSICS, P.L.L.C.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS, NORMA JEAN FARLEY, M.D. AND VALLEY FORENSICS, P.L.L.C.'S
RULE 12(b)(1) AND 12(b)(6) MOTIONS TO DISMISS AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Defendants, Norma Jean Farley, M.D. ("Dr. Farley") and Valley

Forensics, P.L.L.C. ("Valley Forensics") (collectively "Defendants") who file this Motion to

Dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support.

In support of their Motion, Defendants respectfully show the Court the following:

**INTRODUCTION**

On or about November 12, 2018, Plaintiff filed this action under 42 U.S.C. § 1983

("section 1983"), alleging a violation of the United States Constitution. (*See* Plaintiff's Original

Complaint, p.2). On or about November 26, 2018, Plaintiff served Dr. Farley and Valley

Forensics with Plaintiff's Complaint. (*See* Summons in Court's file; marked as delivered on

11/26/18 at 2:48). Accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants' answers are due within 21 days after being served with the summons and complaint, which would make the deadline December 17, 2018. Pursuant to Federal Rule of Civil Procedure 12(b), a motion asserting any defenses under Rule 12(b) must be made before pleading if a responsive pleading is allowed. Thus, this Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) is timely. And, pursuant to Rule 12(a)(4), Defendants' responsive pleadings are not due until 14 days after the Court denies the Motion or postpones its disposition until trial.

As shown herein, the Court should dismiss this action for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted. Below, Defendants assert multiple, independent grounds as to why the Court does not have subject matter jurisdiction and as to why Plaintiff did not assert a claim upon which relief may be granted.

## RULE 12(B)(1) MOTION TO DISMISS

### I. Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court should Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction

#### A. Rule 12(b)(1) Generally

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S. R.R. v. Branch St. Joseph Cty. Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002).

Here, Defendants contend that the Court lacks subject matter jurisdiction because the Estate of Gabriel Miranda, Jr. (the "Estate") does not have standing to complain of the alleged acts. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

**B.**    **The Court Applies State Substantive Law on Standing in Civil Rights Cases**

Standing under section 1983 is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. 42 U.S.C. § 1988(a). This includes matters of standing. *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).

Under Texas common law, a standing inquiry includes three elements: (1) the plaintiff must be personally injured, i.e., must plead facts demonstrating that he, himself, rather than a third party or the public at large, suffered an injury that was concrete and particularized, actual or imminent, not hypothetical; (2) the plaintiff's alleged injury must be fairly traceable to the defendant's conduct; and (3) plaintiff's alleged injury must be likely to be redressed by the requested relief, and the plaintiff must demonstrate standing separately for each form of relief sought. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012).

For the reasons shown below, each of which is an independent ground for dismissal, the Estate does not have standing to file this section 1983 action.

**C.**    **The Estate Does Not Have Standing**

     **1.**    *The Estate Does Not Have Standing to Sue*

The Estate filed a direct claim and did not file through a representative. That is improper because an "estate" is not a legal entity and cannot sue or be sued as such. *Walzem Development Co., Inc. v. Gerfers*, 487 S.W.2d 219, 223 (Tex. Civ. App.—San Antonio 1972, writ ref'd n.r.e.); *see also Janak v. Security Lumber Co., Inc.*, 513 S.W.2d 300, 301 (Tex. Civ. App.—Houston [1st Dist.] 1974, no writ).

An estate is simply the decedent's property. TEX. ESTATES CODE § 22.012.

Thus, the Estate, acting alone, does not have standing to file this Federal Complaint.

Normally, the Court could treat such a defect as one of a failure of capacity, rather than one of standing, and allow Gabriel Miranda, Jr.'s parents to enter an appearance to assert claims

on behalf of the Estate. *See, e.g., Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010); *Martone v. Livingston*, 2015 WL 9259089 (S.D. Tex. 2015); *Neal v. City of Hempstead, Texas*, 2013 W.L. 105036 (S.D. Tex. 2013) ("Under the Texas Survival Statute, heirs, legal representatives, and the estate of the injured person may bring a survival action ... where the individual bringing suit on behalf of the estate is not the estate's representative, the question is one of capacity; the estate plainly has standing.").

However, for the reasons shown below, such a gesture would be futile. The Estate does not have standing to recover damages even if it appears through a representative.

### 2. *Even if the Estate Sues Through a Representative, it Does Not Have Standing to Recover Damages*

#### a. The Estate Does Not Have Standing Under the Wrongful Death Act or the Survival Statute

As shown above, the federal courts look to state substantive law to fill in the gaps where section 1983 is silent. 42 U.S.C. § 1988(a). This includes standing. *Pluet*, 355 F.3d at 383-84.

Therefore, in cases involving the death of the aggrieved claimant, the party filing suit must have standing under the state wrongful death or survival statutes to bring a claim under section 1983. *Id.* at 383-84; *see also Rhyne v. Henderson County*, 973 F.2d 386, 390-91 (5th Cir. 1992) (concluding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes).

There is no dispute that the Estate cannot recover under the Texas Wrongful Death Act. Wrongful death benefits do not belong to the decedent's estate. TEX. CIV. PRAC. & REM. CODE § 71.004(a); *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988).

As for the Texas Survival Act, damages recoverable in a survival action are those which the decedent himself sustained while he was alive, so a survival action does belong to the estate. TEX. CIV. PRAC. & REM. CODE § 71.021(b); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343 (Tex.

1992); *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 857 (Tex.App.—San Antonio 1997, writ denied).

In this case, however, the Estate has made clear that it ***does not seek damages sustained while Gabriel Miranda, Jr. was alive.*** (*See* Complaint, pp. 1, 20-23, 27, 30, 32-34). Indeed, all of Plaintiffs' complaints concern alleged acts or omissions which occurred *after* Gabriel Miranda, Jr.'s death. (*Id.*). Thus, the Estate does not seek damages which are recoverable under the Texas Survival Statute.

With no standing to recover damages under the Wrongful Death Act, and no damages or assertion of damages under the Survival Statute, the Estate has no means of recovering anything. There is no "concrete and particularized, actual or imminent" injury, as required by the Texas Supreme Court in *Heckman v. Williamson Cty. Heckman*, 369 S.W.3d at 155

Moreover, no pleading amendment can allege facts which bring any asserted damages within the Texas Survival Statute, at least with respect to Dr. Farley and Valley Forensics. The Estate contends that Dr. Farley conducted the autopsy of Gabriel Miranda, Jr. through Valley Forensics. (*See* Complaint, p. 18). The Estate's complaint about Dr. Farley and Valley Forensics is that Dr. Farley improperly concluded that Gabriel Miranda, Jr.'s death was a suicide. (*Id.*, pp. 22-23, 26, 31). Thus, neither Dr. Farley nor Valley Forensics could possibly be responsible for any damages which allegedly occurred prior to Gabriel Miranda, Jr.'s death.

As a result, because Texas state law provides no mechanism through which a deceased can recover post-mortem damages which allegedly occurred to the body of the deceased, then Texas law does not provide a means for the Estate to obtain damages, even if the Complaint is amended to add a representative for the Estate. This prevents the Estate from recovering damages under section 1983. As a result, the Estate, or the Estate's representative if one appears,

cannot satisfy the first requirement for standing under *Heckman v. Williamson Cty.*: the plaintiff must be personally injured, i.e., must plead facts demonstrating that he, himself, rather than a third party or the public at large, suffered an injury that was concrete and particularized, actual or imminent, not hypothetical. *Heckman*, 369 S.W.3d at 155.

Thus, the Estate has no standing, even if a representative is allowed to appear, because there is no "concrete and particularized, actual or imminent" injury.

In this case, the Estate of Gabriel Miranda, Jr. has an additional insurmountable standing problem, as shown below.

### b.    Deceased Persons Have No Civil Rights

Unlike the typical section 1983 claim involving a person whose death was allegedly caused by the section 1983 violation, in this case, Gabriel Miranda, Jr. was already dead when his civil rights were allegedly violated. All of the alleged wrongful conduct occurred post-mortem. Indeed, the very first paragraph of Plaintiff's Original Complaint makes this clear:

> *On November 14, 2016, Gabriel Miranda, Jr., age 13, fell, or was pushed, out of the emergency door exit of a Harlingen CISD school bus going approximately 65 miles per hour over poor surface conditions, resulting in Little Gabriel's death. After his death, the Defendants conspired to conclude that Little Gabriel's death was a suicide (hereafter, the "Great Lie"). The Great Lie was based on discriminatory acts and omissions of the Defendants based on gender and ethnicity. This is a suit for damages to redress such discrimination.*

(Plaintiff's Original Complaint, p.1)(emphasis in original).

Thus, Plaintiff does not assert that Defendants harmed Gabriel Miranda, Jr. before he died, nor could Defendants Dr. Farley or Valley Forensics have possibly harmed him before he died, because their involvement in the case is confined to the conducting of an autopsy and a determination of the cause of death.

So, at issue is whether a deceased person has civil rights which can be violated. The answer to that question is an unqualified "no."

In *Whitehurst v. Wright*, 592 F.2d 834 (5th Cir. 1979), the Fifth Circuit considered a case in which a man was fatally shot by a police officer. The facts of the case compelled the conclusion that a gun was placed near the victim, after his death, to provide the police officer with the excuse that he acted in self-defense. *Id.* at 836. The deceased's mother filed suit under section 1983, claiming that the investigation was a cover-up to protect the police officer, which the mother claimed violated her son's civil rights. *Id.* at 837.

The trial court concluded and the Fifth Circuit agreed, that the events occurring post-mortem could not form a section 1983 or section 1985 civil rights violation. *Id.* at 840. The Fifth Circuit stated that "[a]fter death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he may be deprived." *Id.*

Other courts, also confronted with the issue of alleged post-mortem violations of a person's civil rights, have reached the same conclusion. *See Silkwood v. Kerr–McGee Corp.*, 637 F.2d 743, 749 (10th Cir. 1980) ("We agree with the Ninth Circuit that the civil rights of a person cannot be violated once that person has died. It is clear then that the FBI agents could not have violated the civil rights of Silkwood by cover-up actions taken after her death."); *Guyton v. Phillips*, 606 F.2d 248, 250 (9th Cir. 1979), *cert. denied*, 445 U.S. 916 (1980) ("We find that the Civil Rights Act, 42 U.S.C. §§1983 and 1985, does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death. A 'deceased' is not a 'person' for the purposes of 42 U.S.C. §§1983 and 1985, nor for the constitutional rights which the Civil Rights Act serves to protect."); *Ravellette v. Smith*, 300 F.2d 854, 857 (7th Cir. 1962) ("These cases are inapposite because they are concerned with a violation of the rights of a living person. In the instant case, decedent was dead when the sample was taken."); *Cook v. City of Dallas*, No. 3:12-CV-03788-P, 2014 WL 12820618, at *6 (N.D.

Tex. Mar. 25, 2014) (granting a Rule 12(b)(6) motion to dismiss one of the section 1983 claims because "the Complaint notes that, because police were not sent in response to the family's 9-1-1 call on August 19, 2012, the family was forced to 'enter a crime scene and observe their loved one dead, murdered in her own bathtub.' Based on the allegations and claims against the other defendants, the only reasonable inference is that Deanna was already deceased when her family called 9-1-1."); *Helmer v. Middaugh*, 191 F. Supp.2d 283, 285 (N.D.N.Y. 2002) ("As the allegations concerning Lt. Lisi are limited to conduct occurring after the death of B. Helmer, plaintiff's amended complaint does not allege a viable cause of action against him.").

Thus, even if the Court allows a representative to enter the case and file suit on behalf of the Estate, the Estate cannot recover for civil rights violations in this case because all of the alleged violations occurred after Gabriel Miranda, Jr.'s death, and a deceased person has no civil rights. As a result, for this second, independent reason, the Estate, or the Estate's representative, cannot satisfy the first element of standing under *Heckman*. *Heckman*, 369 S.W.3d at 155.

### D. Alternatively, Dismissal Pursuant to Rule 12(b)(6) is Required

In the event the Court determines that it has subject matter jurisdiction and that these matters are more appropriately brought under Rule 12(b)(6), then Defendants request that the Court dismiss Plaintiff's Complaint on the grounds asserted above pursuant to Rule 12(b)(6).

### RULE 12(B)(6) MOTION TO DISMISS

### II. Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted

### A. Rule 12(b)(6) Generally

A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

Although the court is required to accept all factual allegations as true, it is not required to accept legal conclusions as true or to accept legal conclusions couched as factual allegations. *Id.* Also, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint falls short of showing that the pleader is entitled to relief. *Id.*

The court does not need to provide a plaintiff with the opportunity to amend when an amendment would be futile. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 628 (5th Cir. 2017) (affirming dismissal of §1983 action pursuant Rule 12(b)(6) without granting leave to amend); *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014) ("Because two prior amendments were granted and allowing a

third would have been futile, we conclude that the district court did not abuse its discretion by denying Marucci's motion to amend").

The following are independent grounds upon which this Court may dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

**B.     Ground 1: A Deceased Person Has No Civil Rights**

Defendants' arguments and authorities in Section I.C.2.b of their Rule 12(b)(1) Motion to Dismiss, as set forth above, are fully incorporated herein by reference as though fully set forth herein.

As shown herein, neither the Estate nor someone acting on behalf of the Estate can recover for alleged civil rights violations because all of the alleged violations occurred after Miranda Jr.'s death, and a deceased person has no civil rights. As a result, Plaintiff failed to state a claim upon which relief may be granted.

Furthermore, it would be futile to allow Plaintiff to amend because a deceased person has no civil rights, and no amendment can change that fact. *Wiggins,* 710 F. App'x at 628; *Marucci Sports,* 751 F.3d at 379.

**C.     Ground Two: Plaintiff Cannot Assert Claims Under the Wrongful Death Act or the Survival Statute**

Defendants' arguments and authorities in Section I.C.2.a of their Rule 12(b)(1) Motion to Dismiss, as set forth above, are fully incorporated herein by reference as though fully set forth herein.

Moreover, no pleading amendment can allege facts which bring any asserted damages within the Texas Survival Statute, at least with respect to Dr. Farley and Valley Forensics. The Estate contends that Dr. Farley conducted the autopsy of Miranda Jr. through Valley Forensics. (*See* Complaint, p. 18). The Estate's complaint about Dr. Farley and Valley Forensics is that Dr.

Farley concluded that Miranda Jr.'s death was a suicide. (*Id.*, pp. 22-23, 26, 31). Thus, neither Dr. Farley nor Valley Forensics could possibly be responsible for any damages which allegedly occurred prior to Miranda Jr.'s death.

As a result, because Texas state law provides no mechanism through which a deceased can recover post-mortem damages which allegedly occurred to the body of the deceased, then Texas law does not provide a means for the Estate to obtain damages, even if the Complaint is amended to add a representative for the Estate. This prevents the Estate from recovering damages under section 1983. As a result, the Estate, or the Estate's representative if one appears, has not stated a claim upon which relief may be granted, and no amendment can cure this defect. As a result, the Court should dismiss this case under Rule 12(b)(6) without allowing Plaintiff an opportunity to replead. *Wiggins*, 710 F. App'x at 628; *Marucci Sports*, 751 F.3d at 379.

## D. Ground Three: Section 1983 Does Not Permit Recovery for Defamation

"Section 1983 does not create substantive rights; it merely serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991), *citing Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) (stating "one cannot go into court and claim a 'violation of § 1983' – for §1983 by itself does not protect anyone against anything").

In this case, Plaintiff rejects Defendants' suicide finding and essentially alleges the existence of a massive conspiracy to hide Miranda Jr.'s "true" cause of death. As to Dr. Farley and Valley Forensics specifically, Plaintiff alleges the following (the following passages are exact quotes from Plaintiff's Complaint):

> [61(e)]. Defendant Hidalgo County instructed its subcontracted pathologist, Defendants Farley and VF, to conduct an autopsy ("Autopsy"). (Complaint, p. 18).

69. Although the Autopsy performed for Defendant Hidalgo County by Defendants Farley and VF, and subsequently adopted by the other Defendants, concluded that the "manner" of Little Gabriel's Death was suicide ("Autopsy Conclusion"), the Autopsy Conclusion is nothing but an intentionally derived sham, coordinated by the Defendants. (Complaint, p. 22).

[77(s)]. [I]n support of her Autopsy Conclusion, Defendants Farley and VF replied: (paraphrasing) that it is common for young men [meaning Hispanic] from the Valley to commit suicide, even without ever showing prior signs of depression. (Complaint, p. 26).

Plaintiff also alleges that all of the Defendants, in general, announced the cause of Miranda Jr.'s death without "the decency of personally informing any of the family of Plaintiff Little Gabriel that a cause of death had been decided upon." (Complaint, p. 20, ¶66). Plaintiff further alleges that there is an "apparently shared view of Defendants that it is common for young men (meaning Hispanic) from the Valley to commit suicide, even without ever showing prior signs of depression." (*Id.*, pp. 20-21, ¶67). And, Plaintiff alleges that the Estate is being irreparably harmed by Defendants' public and private announcements concerning, among other things, the autopsy conclusion. (*Id.*, p.23, ¶71).

Thus, all of Plaintiff's alleged civil rights violations concern Defendants' speech: what Dr. Farley and Valley Forensics *said* or *wrote* concerning Miranda Jr.'s death. As stated above, section 1983 does not create substantive rights; it is only a procedural device for enforcing the Constitution. *Crumpton* at 1420. Although Plaintiff does not specify what Constitutional or federal right it had that was allegedly deprived, it is clear from the Complaint that the underlying basis of Plaintiff's section 1983 claim is an alleged defamation. In other words, Plaintiff asserts that Defendants violated the deceased's civil rights by defaming him.

Plaintiff's effort to bootstrap a defamation claim into a civil rights violation is not permissible. The United States Supreme Court has held that defamation cannot form the basis of a civil rights violation under section 1983. *Paul v. Davis*, 424 U.S. 693, 712 (1976) ("petitioners'

defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause."). *Paul* held that defamation, standing alone, fails to state a claim under section 1983. *Id.* at 694, 712. The Fifth Circuit follows *Paul. See Thomas v. Kippermann*, 846 F.2d 1009, 1010 (5th Cir. 1988) ("Such allegations merely implicate Thomas's reputation and are insufficient to establish a cause of action under § 1983"); *see also Cole v. Gray*, 638 F.2d 804, 811 (5th Cir. 1981)("the loss of a good name, as destroyed by defamation on the part of a public official, is not a 'liberty or property interest' for which [the Civil Rights] statutes provide protection").

Plaintiff's alleged civil rights violation is nothing more than alleged defamation, which is not actionable under section 1983. Thus, the Court should dismiss Plaintiff's claim for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Moreover, any amendment would be futile, so the Court should not request an amendment before dismissing this case. *Wiggins*, 710 F. App'x at 628; *Marucci Sports*, 751 F.3d at 379.

### E.     Ground Four: Plaintiff Failed to State Any Elements of a Civil Rights Violation

By the plain terms of section 1983, two allegations are required to state a cause of action: (1) the plaintiff must allege that some person has deprived him of a federal right; and (2) the plaintiff must allege that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The gist of Plaintiff's alleged civil rights violation is the following allegation:

[I]n support of her Autopsy Conclusion, Defendants Farley and VF replied: (paraphrasing) that it is common for young men [meaning Hispanic] from the Valley to commit suicide, even without ever showing prior signs of depression.

(Complaint, p. 26; ¶77(s)) (use of brackets and parentheses in original).

For several independent reasons, this allegation wholly fails to assert a violation of Miranda Jr.'s civil rights.

### 1. *Plaintiff Does Not Plead that Defendants Said Anything About Miranda Jr.'s Race or Ethnicity*

At no point does Plaintiff assert that Dr. Farley or Valley Forensics actually stated that Hispanics, or Hispanic young men, are prone to commit suicide. Instead, Plaintiff put "Hispanic" in brackets and admits that it is paraphrasing what was actually said. (Complaint, p. 26; ¶77(s)). Indeed, by placing "Hispanic" in brackets, Plaintiff admits that "Hispanic" was *not said*; instead, Plaintiff simply assumes that this is what Defendants meant. Pleading speculative assumptions is not pleading "factual content," and factual content is required to survive a challenge under Rule 12(b)(6). *Ashcroft*, 556 U.S. at 678. As stated in *Ashcroft*, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* By doing no more than assuming that Dr. Farley and Valley Forensics somehow implied "Hispanic" in a statement which Plaintiff admits was only a paraphrase, Plaintiff has offered nothing more than a "sheer possibility that a defendant has acted unlawfully." *Id.* This is not enough to survive Rule 12(b)(6).

In *Coyne v. City of Somerville*, 972 F.2d 440, 442-45 (1ˢᵗ Cir. 1992), the First Circuit affirmed the dismissal of a section 1983 action under Rule 12(b)(6) because the plaintiff failed to allege specific instances of unlawful discrimination. Plaintiff here has also failed to allege specific instances of unlawful discrimination. As a result, dismissal under Rule 12(b)(6) is warranted, and any amendment would be futile. *Wiggins*, 710 F. App'x at 628; *Marucci Sports*, 751 F.3d at 379.

## 2. Plaintiff Does Not State What Right, Privilege, or Immunity was Deprived

As stated above, one of the elements of a claim under section 1983 is the deprivation of a *federal* right. *Gomez v. Toledo*, 446 U.S. at 640. Here, Plaintiff fails to state what right, privilege, or immunity it had that was deprived. The Estate is nothing more than the decedent's property. TEX. ESTATES CODE § 22.012. And, as further shown above and incorporated here, a deceased person has no civil rights. Therefore, Plaintiff has failed to state what federal right, privilege, or immunity it had that was deprived from it by Dr. Farley or Valley Forensics. Accordingly, this case should be dismissed under Rule 12(b)(6) for failure to state a claim for which relief may be granted. Because a deceased person has no civil rights, an amendment would be futile. The Court should dismiss without requesting or allowing an amendment to Plaintiff's Complaint. *Wiggins*, 710 F. App'x at 628; *Marucci Sports*, 751 F.3d at 379.

## 3. There is No Allegation that Miranda Jr.'s Race or Ethnicity Played any Role in the Autopsy Conclusion or the Investigation into his Death

As stated above, Plaintiff appears to allege that Dr. Farley and Valley Forensics *implied* that young Hispanic males in the Rio Grande Valley have a tendency to commit suicide. (Complaint, p. 26; ¶77(s)). However, Plaintiff wholly fails to allege that Miranda Jr.'s race or ethnicity played any role whatsoever in the autopsy conclusion or the investigation into Miranda Jr.'s death. Because the gist of Plaintiff's complaint is that all of the Defendants conspired to cover-up the "true" cause of death and that the suicide conclusion was part of the alleged cover-up, then at a minimum, Plaintiff was required to allege that Miranda Jr.'s race or ethnicity was a determining factor in either the investigation, the autopsy conclusion, or both. Yet, Plaintiff makes no such allegation.

Consequently, even assuming the cover-up allegation is true, Miranda Jr.'s race or ethnicity nevertheless played no role whatsoever in the alleged conspiracy. Because Miranda

Jr.'s race or ethnicity was not a factor in the alleged conspiracy, then there is no civil rights violation, and Plaintiff's claim under section 1983 must be dismissed pursuant to Rule 12(b)(6). And, because a deceased person has no civil rights, an amendment would be futile. The Court should dismiss without requesting or allowing an amendment to Plaintiff's Complaint. *Wiggins*, 710 F. App'x at 628; *Marucci Sports*, 751 F.3d at 379.

**F.    Ground Five: Defendants Are Entitled To Dismissal Based on Qualified Immunity**

Alternatively, Plaintiff's claims against Dr. Farley and Valley Forensics should be dismissed because they are entitled to qualified immunity.

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *see also White v. Pauly*, 137 S. Ct. 548, 551, 196 L. Ed. 2d 463 (2017). This standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Clancey v. City of Coll. Station, Texas*, No. 4:09-CV-1480, 2010 WL 1268083, at *3 (S.D. Tex. Mar. 25, 2010) (quoting *DePree v. Saunders*, 588 F.3d 282, 287 (5th Cir. 2009)).

In assessing qualified immunity, courts engage in a two-step inquiry: (1) under existing law, does the plaintiff allege a violation of an actual, clearly established constitutional or federal statutory right?; and (2) if so, was the defendant's conduct objectively unreasonable in the light of clearly established law at the time of that conduct? *Hart v. Texas Dept. of Criminal Justice*, 106 Fed. App'x. 244, 248 (5th Cir. 2004).

Plaintiff has alleged that "Defendant Hidalgo County instructed its subcontracted pathologist, Defendants Farley and [Valley Forensics], to conduct an autopsy," and that the

"Autopsy [was] performed for Defendant Hidalgo County by Defendants Farley and [Valley Forensics]." (Plaintiff's Original Complaint, pp.18, 22). Without conceding that Dr. Farley or Valley Forensics are employees, agents, etc. of Hidalgo County, or that Dr. Farley or Valley Forensics are state actors/acting under the color of state law, even if they are, they are entitled to qualified immunity.

### 1. *Plaintiff Cannot Establish the Violation of a Clearly Established Constitutional Right*

Plaintiff cannot establish the violation of an actual, clearly established constitutional or federal statutory right. Plaintiff vaguely alleges violations of due process and equal protection rights. (Plaintiff's Original Complaint, p. 33). But, as explained in section I.C.2.b of the 12(b)(1) motion and section II.B above, deceased persons and their estate have no civil rights. Thus, Plaintiff cannot establish that Dr. Farley or Valley Forensics violated an actual, clearly established constitutional right. Dr. Farley and Valley Forensics are entitled to qualified immunity.

### 2. *Plaintiff Cannot Establish that Defendants' Conduct Was Objectively Unreasonable*

Plaintiff cannot establish that the defendants' conduct was objectively unreasonable. "[R]easonableness ... is assessed in light of the legal rules clearly established at the time"of the incident in issue." *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993).

The general "standard of care for a physician is to undertake a mode or form of treatment which a reasonable and prudent member of the medical professional would undertake under the same or similar circumstances." *LeNotre v. Cohen*, 979 S.W.2d 723, 727 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (citing *Hood v. Phillips*, 554 S.W.2d 160, 165 (Tex. 1977)). While failure to meet a standard of care can subject a physician to liability under a negligence claim, it cannot subject a physician to personal liability under a civil rights claim. *County of Sacramento*

*v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 1718, 140 L. Ed. 2d 1043 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

Again, Plaintiff generally asserts that Dr. Farley's/Valley Forensic's autopsy conclusion was a sham. (Plaintiff's Original Complaint, p. 22). But, Plaintiff has alleged no specific facts to establish that Dr. Farley's/Valley Forensic's performance of the autopsy or the conclusions reached were objectively unreasonable. Even if their autopsy conclusions were incorrect, that is not sufficient to establish violation of constitutional rights. *DePree*, 588 F.3d at 287; *see Lewis*, 523 U.S. at 849.

Dr. Farley and Valley Forensics are entitled to qualified immunity. Plaintiff's claims should be dismissed. Furthermore, the Court should dismiss without requesting or allowing an amendment to Plaintiff's Complaint since an amendment would be futile. *Wiggins*, 710 F. App'x at 628; *Marucci Sports,* 751 F.3d at 379.

## CONCLUSION AND PRAYER FOR RELIEF

As shown herein, Defendants established that the Estate has no standing to sue. Moreover, Defendants set forth two independent grounds which show that even if a representative appears to assert claims on behalf of the Estate, the Estate has no standing to sue because:

1) The Estate does not have standing under the Wrongful Death Act or the Survival Statute; and

2) Deceased persons have no civil rights.

As further shown herein, Defendants have set forth several independent grounds which compel the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Those grounds are:

1) A deceased person has no civil rights;

2) Plaintiff, an Estate, cannot assert claims under the Wrongful Death Act or the Survival Statute;

3) Section 1983 does not permit recovery for defamation;

4) Plaintiff failed to state or to sufficiently allege any elements of a civil rights violation, and this failure manifested in three particulars, each of which is sufficient, standing alone, to dismiss Plaintiff's Complaint:

   a) Plaintiff does not plead that Defendants said anything about Miranda Jr.'s race or ethnicity;

   b) Plaintiff does not state what right, privilege, or immunity it had that was deprived; and

   c) There is no allegation that Miranda Jr.'s race or ethnicity played any role in the autopsy conclusion or the investigation into his death; and

5) Defendants have qualified immunity.

Any one of these grounds is a sufficient basis for the Court to dismiss Plaintiff's Complaint without providing Plaintiff with an opportunity to amend, because filing an amendment would be futile.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Norma Jean Farley, M.D. and Valley Forensics, P.L.L.C. pray that this Court grant their Rule 12(b)(1) Motion and dismiss this case for lack of subject matter jurisdiction. Alternatively, Defendants pray that the Court dismiss this case for failure to state a claim upon which relief may be granted, pursuant to FED. R. CIV. P. 12(b)(6). Defendants also request all such other and further relief to which they may be justly entitled.

Respectfully submitted,

**GONZALEZ CASTILLO, LLP**

By:  /s/Edward J. Castillo
      **STEVEN M. GONZALEZ**
      State Bar No. 08131900
      law@valleyfirm.com
      **EDWARD J. CASTILLO**
      State Bar No. 240406580
      law@valleyfirm.com
      **JUAN GONZALEZ**
      State Bar No. 24087602
      law@valleyfirm.com

1317 E. Quebec Avenue
McAllen, Texas 78503
(956) 618-78503 (Telephone)
(956) 618-0445 (Facsimile)

**COOPER & SCULLY, P.C.**
**DIANA L. FAUST**
State Bar No. 00793717
diana.faust@cooperscully.com
**KYLE M. BURKE**
State Bar No. 24073089
kyle.burke@cooperscully.com
**DAVID H. JONES**
State Bar No. 10869590
david.jones@cooperscully.com
900 Jackson Street, Suite 100
Dallas,, Texas 75202
(214) 712-9500 (Telephone)
(214) 712-9540 (Facsimile)

**ATTORNEYS FOR DEFENDANTS,**
**NORMA FARLEY, M.D., AND**
**VALLEY FORENSICS, PLLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on counsel for Plaintiffs on this the 14th day of December, 2018.

Mr. Terry P. Gorman                                  **VIA EFILE SERVICE and EMAIL**
tgorman@school-law.com
Gorman Law Firm, PLLC
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
**Counsel for Plaintiffs**

/s/Edward J. Castillo
**EDWARD J. CASTILLO**